United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MOLLY WORNELL, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00356 |
| | § | |
| CLIPPER SHIPPING AS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This case was recently referred to me for all pretrial purposes. *See* Dkt. 26. Pending before me is Plaintiff Molly Wornell's motion for leave to file a first amended complaint. *See* Dkt. 21. Plaintiff wants to make two sets of amendments to her pleading. First, she wants "to add claims for general maritime negligence and for vessel negligence under 33 U.S.C. § 905(b), pleaded in the alternative to her existing unseaworthiness claim." Dkt. 21 at 1. Second, she wants "to clarify that the Court's subject-matter jurisdiction over her in personam claims rests on diversity of citizenship under 28 U.S.C. § 1332(a)(2), to withdraw the designation of her claims as admiralty or maritime claims under Federal Rule of Civil Procedure 9(h), and to demand a trial by jury." *Id.* at 1–2. Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires."

Defendants Clipper Shipping AS and Solvang ASA "do not object to Plaintiff amending her jurisdictional statement to also allege diversity under 28 U.S.C. § 1332. Defendants concede that Plaintiff and Defendants are diverse and the amount in controversy is more than $75,000."[1] Dkt. 24 at 1. Defendants also "do not object to Plaintiff amending her Complaint to join claims for negligence under 33 U.S.C. § 905(b)." *Id.* Defendants do object, however, to Plaintiff pleading a

[1] Wornell is a Texas citizen and Defendants—Norwegian corporations with their principal places of business in Norway—are Norwegian citizens. *See* Dkt. 1 at 2–3. Wornell seeks damages "in excess of $75,000." *Id.* at 11.

claim for unseaworthiness. Defendants contend that Plaintiff is a longshoreman and therefore is barred under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950, from suing Defendants under the warranty of unseaworthiness. Defendants also "object to Plaintiff seeking leave to amend to join a demand for a jury." Dkt. 24 at 2. Finally, Defendants move to strike Plaintiff's unseaworthiness claim. In her reply brief, Plaintiff asserts that she "does not press the freestanding unseaworthiness count." Dkt. 25 at 13. Accordingly, I need not address Defendants' arguments regarding Plaintiff's unseaworthiness claim.

Defendants' objection to Plaintiff's jury demand rests on the logic that a longshoreman can sue for third-party negligence only under general maritime law, which "confers no more right to a jury trial than does any other claim asserted in federal court by reason of its maritime jurisdiction." *Id.* (quoting *Bynum v. Patterson Truck Lines, Inc.*, 655 F.2d 643, 644 (5th Cir. 1981)). Additionally, Defendants argue that "Plaintiff made a binding procedural election [at the outset of the case] to proceed via a bench trial." Dkt. 24 at 3–4 (citing *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 588 (5th Cir. 1983)). Defendants' arguments, which I address in reverse, are unavailing.

First, Defendants are simply incorrect to rely on *T.N.T.* for the proposition that Plaintiff's Rule 9(h) election is irrevocable. In *T.N.T.*, the Fifth Circuit affirmed the district court's denial of the plaintiff's demand for a jury trial because "the plaintiff elected to bring the suit under admiralty jurisdiction" and "*chose not to amend its complaint*." 702 F.2d at 588 (emphasis added). But the Fifth Circuit observed that "Rule 9(h) is not a harsh rule, for its third sentence expressly provides that the liberal procedures for amending complaints found in Rule 15 apply to identifying statements." *Id.*[2] The Fifth Circuit has since explicitly

---

[2] Rule 9(h) was later amended to remove the explicit reference to Rule 15 because the committee considered it redundant. *See* Fed. R. Civ. P. 9(h) advisory committee's note to 2007 amendment ("Rule 15 governs pleading amendments of its own force. The former redundant statement that Rule 15 governs an amendment that adds or withdraws a Rule 9(h) designation as an admiralty or maritime claim is deleted.").

recognized a plaintiff's ability "to change her Rule 9(h) election." *Luera v. M/V Alberta*, 635 F.3d 181, 187 (5th Cir. 2011) ("Provided that there is no prejudice to the court or to the defendants, a plaintiff should be permitted to amend her complaint to change her Rule 9(h) election."). Because Defendants have identified no prejudice to themselves or the court if Plaintiff were allowed to amend her Rule 9(h) election, Plaintiff's motion for leave to withdraw her Rule 9(h) election should be granted.[3]

*Luera* also addresses Defendants' contention that Plaintiff is a longshoreman who may sue for third-party negligence only under § 905(b) of the LHWCA, and that such a claim can be tried only to the court. I need not address the question of whether Plaintiff is a longshoreman, which is a fact issue that Plaintiff disputes. Even if Plaintiff is a longshoreman, Defendants are simply wrong that a longshoreman cannot try a negligence claim to a jury. To the contrary, that is exactly what happened in *Luera*.

Luera initially intervened in a lawsuit against one vessel in rem and its owner in personam. Her intervention complaint alleged no basis for subject matter jurisdiction, instead adopting the plaintiff's assertion of admiralty jurisdiction. *See Luera*, 635 F.3d at 184. Several months later, Luera filed her own lawsuit against the vessel owners in personam and "asserted diversity jurisdiction . . . as the sole basis of subject matter jurisdiction." *Id.* Luera later filed a third action against one of the vessels in rem, and all three actions were ultimately consolidated. Although Luera brought in rem claims against the vessels—claims that indisputably do not come with a right to a jury trial—the district court ordered that *all* of Luera's claims be tried to a jury. The Fifth Circuit affirmed. Thus, it is simply incorrect to claim that a longshoreman cannot try a negligence claim to a jury. A longshoreman may

[3] Defendants assert that they have "appeared, submitted to this forum, and filed their Answers in reliance upon [Plaintiff's] election [to proceed in admiralty]." Dkt. 24 at 4. Defendants do not, however, identify any prejudice from that reliance. Moreover, Defendants will file a new answer in response to Plaintiff's amended complaint.

try a negligence claim to a jury when the plaintiff has not elected to proceed in admiralty and there is diversity jurisdiction.

Defendants cite *Bynum* for the proposition that Plaintiff's "only cognizable cause of action against Defendants is based upon third-party negligence, 'a recovery recognized as allowable in federal court by Section 905(b).'" Dkt. 24 at 2 (citing *Bynum*, 655 F.2d at 644). But the plaintiff in *Bynum* was denied a jury-triable negligence claim not because he was a longshoreman, but because there was not complete diversity between the plaintiff and the defendants, and therefore no diversity jurisdiction. *See Bynum*, 655 F.2d at 644–45 ("[S]ince two of the defendants are citizens of the same state (Louisiana) as [Bynum], the requisites of diversity jurisdiction, 28 U.S.C. [§] 1332, are not met."). Had there been complete diversity of citizenship in *Bynum*—as there admittedly is here—then Bynum could have asserted a jury-triable negligence action. *See id.* at 644.

* * *

For all these reasons, I grant Plaintiff's motion for leave to file an amended complaint.[4] *See* Dkt. 21. Plaintiff should file her amended complaint by Friday, November 13, 2026. Plaintiff should ensure that her amended complaint reflects her assertion, made in her reply brief, that she "does not press the freestanding unseaworthiness count." Dkt. 25 at 13. Defendants' counter-motion to strike Plaintiff's unseaworthiness claim (Dkt. 24) is denied as moot.

SIGNED this 4th day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

[4] A motion to amend is a non-dispositive matter that may be ruled on by a magistrate judge. *See Talbert v. Am. Risk Ins. Co., Inc.*, 405 F. App'x. 848, 851 (5th Cir. 2010).